Filed 12/14/22  P. v. Arias CA4/1
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SERGIO ROJAS ARIAS,<br><br>    Defendant and Appellant. | D077778<br><br><br>(Super. Ct. No. RIF111846) |

APPEAL from an order of the Superior Court of Riverside, Samuel Diaz, Jr., Judge.  Reversed and remanded with instructions.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

In 2008, Sergio Rojas Arias was found guilty of the first degree murder of 18-year-old Ontario resident Jessica De La Torre (Pen. Code,[1] §§ 187, subd. (a), 189, subd. (a)). He was sentenced to life in state prison without the possibility of parole. This court affirmed the judgment of conviction. (*People v. Arias* (Mar. 11, 2011, D058086) [nonpub. opn.] (*Arias I*).)

In 2019, Arias petitioned for vacatur of his murder conviction and resentencing based on legislative changes to our state's murder laws. Those amendments significantly curtailed the scope of the felony murder rule, abolished natural and probable consequences murder, and provided a pathway for persons previously convicted of felony murder or natural and probable consequences murder to be resentenced. (Stats. 2018, ch. 1015, §§ 2–4.) A person convicted of murder under one of these theories of liability may be resentenced if he or she was not the actual killer, did not aid and abet the commission of murder with an intent to kill, and was not a major participant in an underlying felony who acted with reckless indifference to human life. (§§ 189, subd. (e), 1172.6, subds. (a)(3) & (d)(3).)

The trial court denied Arias's petition for resentencing without issuing an order to show cause. It reasoned he was ineligible for relief, as a matter of law, because his jury made a true finding on a robbery-murder special-circumstance allegation. Because Arias was not tried as the actual killer, the finding meant the jury determined he aided and abetted the commission of the murder with an intent to kill, or he aided and abetted the commission of a robbery as a major participant and while acting with reckless indifference to human life. (§ 190.2, subds. (c), (d).)

---

[1] Further undesignated statutory references are to the Penal Code.

2

In a prior opinion, our court reversed the order denying Arias's resentencing petition. (*People v. Arias* (2021) 281 Cal.Rptr.3d 580, previously published at 66 Cal.App.5th 987 (*Arias II*).) We concluded a true finding on a felony-murder special-circumstance allegation does not categorically preclude resentencing where, as here, the finding was made before the Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), which clarified the meaning of the statutory phrase "major participant," or before it decided *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which gave important guidance on the phrase "reckless indifference to human life." However, we remanded the matter to the trial court to decide whether the evidence at Arias's trial was sufficient to support the robbery-murder special-circumstance finding under the *Banks* and *Clark* standards. (*Arias II, supra*, D077778.) We opined the jury's finding would preclude resentencing if the answer to this question was "yes," and an order to show cause would be necessary if the answer was "no." (*Ibid.*)

The Supreme Court granted review and deferred further action pending the consideration and disposition of related issues in *People v. Strong*, S266606. Thereafter, the Supreme Court issued *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), which held that a true finding on a felony-murder special circumstance allegation does not preclude a petitioner from making a prima facie case for relief if the finding was rendered pre-*Banks* and *Clark*. That is true, *Strong* holds, even if sufficient evidence was presented at trial to support the felony-murder special-circumstance finding under the *Banks* and *Clark* standards. (*Id.* at pp. 718–720.)

The Supreme Court then transferred the matter back to our court with directions to vacate our prior opinion and reconsider the cause in light of *Strong, supra*, 13 Cal.5th 698. We have done so. With the benefit of the

3

Supreme Court's guidance, we conclude the jury's pre-*Banks* and *Clark* robbery-murder special-circumstance finding does not, as a matter of law, preclude Arias from making a prima facie case for relief. However, this time, we do not remand the matter for the trial court to conduct a sufficiency-of-the-evidence review under the *Banks* and *Clark* standards, a remedy the Supreme Court has since determined to be inadequate. Instead, we reverse the order denying Arias's petition for resentencing and remand the matter with instructions that the trial court issue an order to show cause and conduct such further proceedings as are required by section 1172.6.

II

BACKGROUND

A

In 2003, the body of 18-year-old Jessica De La Torre was discovered in the hills of the City of Rubidoux. She was wearing only a bra, her feet were bound with a belt, and she had tire tracks across her body. An autopsy revealed she died from being run over by a car one or more times and she suffered more than 100 distinct injuries including knife cuts, blunt force trauma to her genitals, several broken bones, and numerous lacerations, abrasions, and bruises.

The day of De La Torre's disappearance, Arias made several attempts to withdraw money from her bank account at a bank near her residence. All of Arias's attempts failed because he used an incorrect pin number or made too many attempts to access the bank account. Law enforcement later found personal items taken from De La Torre's residence in the living room of a residence that Arias shared with a codefendant and another person.

Arias and two codefendants were prosecuted for De La Torre's murder. (*Arias I, supra*, D058086.) Arias was tried "under three similar theories:

4

(1) Arias aided and abetted or conspired to commit a felony that resulted in a death, (2) Arias aided and abetted a robbery and the murder was a natural and probable consequence of the robbery, and (3) Arias conspired to commit a robbery and the murder was a natural and probable consequence of the robbery." (*Ibid*.) After a trial, a jury found Arias guilty of first degree murder. (*Ibid*.) It also found true a special-circumstance allegation that the murder was committed while Arias was engaged in the commission of a robbery pursuant to section 190.2, subdivision (a)(17)(A). (*Ibid*.) He was sentenced to life in prison without the possibility of parole. (*Ibid*.)

Our court affirmed the judgment on appeal. (*Arias I, supra*, D058086.) In our opinion, we rejected Arias's claim that there was insufficient evidence to support the murder conviction or the robbery-murder special-circumstance finding. (*Ibid*.) The Supreme Court denied review on June 22, 2011.

B

"In 2017, the Legislature adopted a concurrent resolution declaring a need to reform the state's homicide law 'to more equitably sentence offenders in accordance with their involvement in the crime.' [Citation.] The next year, the Legislature followed through with Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.) (Senate Bill 1437)], which made significant changes to the scope of murder liability for those who were neither the actual killers nor intended to kill anyone, including certain individuals formerly subject to punishment on a felony-murder theory" or on a natural and probable consequences theory. (*Strong, supra*, 13 Cal.5th at p. 707 & *id.*, fn. 1.)

Senate Bill 1437 limited the scope of the felony-murder rule and abolished natural and probable consequences murder in order "to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to

5

kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Strong, supra*, 13 Cal.5th at pp. 707–708; see *People v. Gentile* (2020) 10 Cal.5th 830, 846.) "Penal Code section 189, as amended, now limits [murder] liability … principally to 'actual killer[s]' (Pen. Code, § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd. (e)(2)). Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2'—that is, the statute defining the felony-murder special circumstance. (*Id.*, § 189, subd. (e)(3).)" (*Strong,* at p. 708.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. (See Pen. Code, § 1172.6 …; *People v. Lewis* (2021) 11 Cal.5th 952, 959–960; *People v. Gentile, supra*, 10 Cal.5th at p. 843.) Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met (*id.*, subd. (b)(1)(A)), including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))." (*Strong, supra*, 13 Cal.5th at p. 708, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' (§ 1172.6, subd. (c); see *People v. Lewis, supra*, 11 Cal.5th 952 [interpreting the prima facie requirement as originally codified in former

6

§ 1170.95].) If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. (See § 1172.6, subd. (c); *Lewis*, at pp. 970–972.) If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.' (§ 1172.6, subd. (c).)" (*Strong, supra*, 13 Cal.5th at p. 708.)

"If there has been 'a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.' ([§ 1172.6], subd. (d)(2).) Additionally, the parties may stipulate that the petitioner is eligible for resentencing. (*Ibid.*) Otherwise, the court must hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437. (§ 1172.6, subd. (d)(3).) 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (*Ibid.*) 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.' (*Ibid.*)" (*Strong, supra*, 13 Cal.5th at pp. 708–709.)

C

After Senate Bill 1437 went into effect, Arias filed a petition to vacate his murder conviction and to be resentenced. In the petition, he declared he was entitled to relief because a charging instrument was filed against him that allowed the prosecution to proceed under a theory of felony murder or

natural and probable consequences murder; at trial, he was convicted of felony murder or natural and probable consequences murder; and he could not now be convicted of murder because of the changes made to our state's murder laws by Senate Bill 1437. After receiving the resentencing petition, the trial court appointed counsel for Arias.

The district attorney filed a response contending the resentencing petition should be denied because Arias failed to make a prima facie showing of entitlement to relief. He argued resentencing was unavailable, as a matter of law, because the jury's finding on the robbery-murder special-circumstance allegation meant it necessarily found that Arias aided and abetted the commission of the murder with an intent to kill or, alternatively, he aided and abetted the commission of a robbery while acting as a major participant and with reckless indifference to human life.

The trial court accepted the district attorney's argument and summarily denied Arias's petition for resentencing without issuing an order to show cause.

III

DISCUSSION

A

The district attorney did not try Arias for De La Torre's murder based on a theory that he was the actual killer. Therefore, in order to reach a true finding on the robbery-murder special-circumstance allegation, the jury necessarily found that Arias either aided and abetted the commission of the murder with an intent to kill, or he aided and abetted an underlying robbery as a major participant while acting with reckless indifference to human life. (§ 190.2, subds. (c), (d).) A non-killer is not entitled to resentencing if he or she aided and abetted murder with an intent to kill or if he or she acted with

8

reckless indifference to human life as a major participant in an underlying felony. (§§ 189, subd. (e), 1172.6, subd. (a)(3) & (d)(3).)

However, Arias argues the robbery-murder special-circumstance finding does not preclude him from making a prima facie case for relief. He claims the special-circumstance finding does not foreclose relief because the jury rendered its finding before the Supreme Court issued *Banks, supra*, 61 Cal.4th 788, and *Clark, supra*, 63 Cal.4th 522. Prior to *Banks* and *Clark*, "neither the United States Supreme Court nor California courts [had] offered much guidance about the major participant or reckless indifference standards" set forth in section 190.2. (*Strong, supra*, 13 Cal.5th at p. 705.)

The Supreme Court provided this much-needed guidance in its *Banks* and *Clark* decisions. The *Banks* court considered and applied both the major participant and reckless indifference requirements, but it focused its attention primarily on the major participant requirement, framing the issue before it as follows: "The issue before us is under what circumstances an accomplice who lacks the intent to kill may qualify as a major participant" under section 190.2.[2] (*Banks, supra*, 61 Cal.4th at p. 794.)

After surveying U.S. Supreme Court case law pertinent to this issue, the *Banks* court identified a non-exhaustive list of factors relevant to whether a defendant is a major participant in a crime. (*Banks, supra*, 61 Cal.4th at pp. 799–803.) Such factors include: the role the defendant had in planning

---

[2]     *Banks* and *Clark* clarified the meanings of the phrases "major participant" and "reckless indifference to human life," while interpreting section 190.2, the special-circumstance statute. That statute makes a defendant eligible for death or life in prison without the possibility of parole if he or she is a "major participant" in an enumerated felony resulting in death, and he or she acts "with reckless indifference to human life." (§ 190.2, subd. (d).) When the Legislature enacted Senate Bill 1437, it incorporated these same elements into section 189. (*Strong, supra*, 63 Cal.4th at p. 274.)

9

the criminal enterprise that led to one or more deaths; the role the defendant had in supplying or using lethal weapons; the awareness the defendant had of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants; and whether the defendant was present at the scene of the killing, in a position to facilitate or prevent the actual murder, or played a particular role in the death. (*Ibid*.)

A year later, the Supreme Court issued *Clark, supra*, 63 Cal.4th 522, which elucidated the meaning of the phrase "reckless indifference to human life." According to *Clark*, it "encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (*Id.* at p 617.) *Clark* identified the following non-exclusive considerations, many of which overlap with the *Banks* factors, as relevant to whether a defendant acts with reckless indifference to human life: the defendant's knowledge that weapons would be used and/or his personal use of weapons; the defendant's physical presence at the scene and his opportunity to restrain the killer or aid the victim; the duration of the felony; the defendant's knowledge of his accomplice's propensity to kill; and the defendant's efforts to minimize the risk of violence in the commission of the felony. (*Clark,* at pp. 618–623.)

B

When Arias initially appealed the summary denial of his petition for resentencing, a split of authorities existed among the Courts of Appeal concerning whether true felony-murder special-circumstance findings made pre-*Banks* and *Clark* precluded petitioners from obtaining relief under the resentencing mechanism established by Senate Bill 1437. One line of authorities held that such findings "categorically preclude relief unless they have been vacated or set aside on direct appeal or collateral review.

10

[Citation.]  Other courts … concluded that pre-*Banks* and *Clark* findings do not pose a categorical bar but may foreclose relief if a court determines that sufficient evidence supports the findings under the *Banks* and *Clark* standards.  [Citation.]  And still other courts … concluded that such findings pose no bar because the decisions in *Banks* and *Clark* significantly changed the prevailing understanding of the relevant elements."  (*Strong, supra*, 13 Cal.5th at pp. 709–710.)

We followed the second line of precedent when we initially decided Arias's appeal.  (*Arias II, supra*, D077778.)  We "agree[d] with Arias that a pre-*Banks* and *Clark* felony-murder special-circumstance finding, standing alone, does not necessarily preclude a defendant from obtaining resentencing relief."  (*Ibid.*)  Thus, we concluded the trial court "erred to the extent it summarily denied Arias's resentencing petition based solely on the existence of a true felony-murder special-circumstance finding."  (*Ibid.*)

However, we decided it would be sufficient to "conduct an individualized review of Arias's record of conviction to determine whether his special-circumstance finding satisfies the *Banks* and *Clark* standards." (*Arias II, supra*, D077778.)  Given the "sparse" record of conviction before us, we were unable to decide whether "the *Banks* and *Clark* standards [were] met[.]"  (*Ibid.*)  Thus, we reversed the summary denial order and remanded the matter to the trial court to conduct a sufficiency-of-the-evidence review under the legal standards set forth in the *Banks* and *Clark* decisions.  (*Ibid.*) As noted, the Supreme Court then granted and held Arias's case pending its decision in *People v. Strong*, S266606.

Thereafter, the Supreme Court issued *Strong, supra*, 13 Cal.5th 698. After concluding that section 1172.6 does not directly speak to the preclusive effect of a true felony-murder special-circumstance finding rendered prior to

11

*Banks* and *Clark*, *Strong* turned to first principles of issue preclusion, or equitable estoppel, which governs the conclusive effect of a prior finding in a later proceeding. (*Id.* at pp. 715–718.) It noted that a "well-settled equitable exception" to the preclusion doctrine "holds that preclusion does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue." (*Id.* at p. 716.)

According to *Strong*, "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong, supra*, 13 Cal.5th at p. 707.) That is so because "[t]here are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today." (*Id.* at p. 717.) Stated another way, "[a] pre-*Banks* and *Clark* special circumstance finding does not negate [a resentencing petitioner's] showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Id.* at pp. 718–719.) Thus, *Strong* rejected the first line of precedent noted above, and concluded a pre-*Banks* and *Clark* felony-murder special circumstance finding does not categorically preclude relief under section 1172.6. (*Id.* at pp. 716–718.)

*Strong* also rejected the second line of precedent discussed above, which held "that pre-*Banks* and *Clark* findings do not pose a categorical bar to resentencing," yet still allowed a court to "reject a petition at the prima facie stage if it independently examine[d] the record and determine[d], applying the *Banks* and *Clark* standards, that sufficient evidence support[ed] the earlier findings." (*Strong, supra*, 13 Cal.5th at pp. 718–719.) As *Strong* explained, this approach was untenable because the trial environment

12

changed after *Banks* and *Clark* were decided. (*Id.* at p. 719.) The arguments available to counsel, the evidence counsel might have sought to introduce, and overall trial strategies changed, or at least could have changed, post-*Banks* and *Clark*. (*Ibid.*) Further, "after *Banks* and *Clark*, defense counsel could have asked that optional additional instruction on the *Banks* and *Clark* factors be given to guide the jury in its deliberations [citation], with the possibility that different outcomes might have resulted." (*Id.* at pp. 719–720.) According to *Strong*, "[a]n after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences." (*Id.* at p. 720.)

Therefore, *Strong* endorsed the third line of precedent noted above. It concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong, supra*, 13 Cal.5th at p. 710; *id.* at p. 720 ["Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause."]; *id.* at p. 721 ["For reasons we have explained, unless a defendant was tried after *Banks* was decided, a major participant finding will not defeat an otherwise valid prima facie case. And unless a defendant was tried after *Clark* was decided, a reckless indifference to human life finding will not defeat an otherwise valid prima facie case."].)

C

When we apply the legal principles articulated in *Strong* to the present case, the outcome is clear. The jury returned its robbery-murder special-circumstance finding in 2008, before the Supreme Court clarified the major

13

participant requirement in *Banks*, and before it elucidated the reckless indifference requirement in *Clark*. "Because [Arias's] case was tried before both *Banks* and *Clark*, the special circumstance finding[] do[es] not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p. 721.) Therefore, the order summarily denying Arias's petition for resentencing must be reversed, and the matter must be remanded for issuance of an order to show cause pursuant to section 1172.6, subdivision (c).

IV

DISPOSITION

The order summarily denying Sergio Arias's petition for resentencing is reversed. The matter is remanded with instructions that the trial court issue an order to show cause and conduct such further proceedings as are mandated by section 1172.6.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

BUCHANAN, J.

14